**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

EBONEE JACQUESE BELL,                                                    PLAINTIFF
ADC #711204

V.                                  1:19CV00033-KGB-JTK

KARA HENDRIX, et al.,                                                   DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I. Introduction

Plaintiff Ebonee Bell is a state inmate incarcerated at the McPherson Unit of the Arkansas Department of Correction (ADC), who filed this pro se 42 U.S.C. § 1983 action against the ADC and two prison officials. Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

## II. Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989).    Whether a plaintiff is represented by counsel or is appearing

pro se, his complaint must allege specific facts sufficient to state a claim.    See Martin v. Sargent,

780 F .2d 1334, 1337 (8th Cir.1985).    An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).    In reviewing a pro se complaint under §

1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.    Haines v.

Kerner, 404 U.S. 519, 520 (1972).    The Court must also weigh all factual allegations in favor of

the plaintiff, unless the facts alleged are clearly baseless.    Denton v. Hernandez, 504 U.S. 25, 32

(1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1)

screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to

relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly,

550 U.S. at 570.    A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged.    Twombly, 550 U.S. at 556-7.    The plausibility standard is not akin to a "probability

requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops

short of the line between possibility and plausibility of entitlement to relief."    Id.

## III.    Facts and Analysis

To support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff

must allege that a person acting under the color of state law deprived her of some Constitutional

right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO

1993). Plaintiff alleged that on February 11, 2019, she was working in the Unit kitchen when Defendant Hendrix told everyone to go outside and dump the trash. (Doc. No. 1, p. 4) Plaintiff went outside and began dancing in a water puddle and Defendant Hendrix yelled, "Hey Jigaboo! Get over here and quit dancing!" (Id.) Plaintiff asked Hendrix if she realized what she just called her, and Hendrix responded, "What? Black? Nigger?" (Id.) Plaintiff claims some of the other inmates laughed and she felt humiliated. (Id.) She asks the Court to grant compensation for humiliation and embarrassment and to fire Defendant Hendrix. (Id., p. 5)

The Court first notes that the ADC cannot be sued in this action because it is an agency of the State of Arkansas, and therefore, is protected from § 1983 liability by Eleventh Amendment immunity. See Glick v. Henderson, 855 F.2d 536 (8th Cir. 1988). In addition, Plaintiff does not include any specific allegations of improper conduct by Defendant Bradley. Plaintiff did attach to her complaint a copy of a grievance she filed about the incident, which was responded to by Defendant Bradley, who noted corrective action was taken after Defendant Hendrix admitted to the statement and repeatedly apologized to Plaintiff. (Doc. No. 1, p. 7) A claim based on the response to a grievance does not, however, support a constitutional claim for relief. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)

Finally, while the Court absolutely does not condone Defendant Hendrix's conduct, "[v]erbal abuse by correctional officials, even the use of reprehensible racially derogatory language, is not by itself unconstitutional race discrimination 'unless it is pervasive or severe enough to amount to racial harassment.'" Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir. 2007) (quoting Blades v. Schuetzle, 302 F.3d 801, 805 (8th Cir. 2002)). See also Martin v. Sargent, 780 F.2d 1334, 1339 (8th Cir. 1985), where the court held that being called an obscene name did not

4

state a claim of constitutional dimension. In this case, Plaintiff does not allege pervasive racial harassment, but rather, a single instance of inappropriate conduct. Therefore, the Court finds that Plaintiff's Complaint against Defendants should be dismissed for failure to state a claim upon which relief may be granted.

## IV.   Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint against Defendants be DISMISSED with prejudice, for failure to state a claim upon which relief may be granted.

2.      Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.      The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 23rd day of May, 2019.

_____

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.